745 P.2d 996

In the Matter of the APPEAL IN PINAL COUNTY JUVENILE ACTION NO. J–985.

No. 2 CA–JV 87–0030.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 19, 1987.

■■■■■■■■■■■■

Roy A. Mendoza, Pinal Co. Atty. by Jeanne M. Benda, Florence, for State.

Richard La Paglia, Jr., Chandler, for minor.

## OPINION

HATHAWAY, Judge.

The state filed a delinquency petition on April 28, 1987, alleging that the minor had committed acts amounting to third-degree burglary, criminal damage, and two instances of theft by control. The burglary, criminal damage, and one of the theft allegations arose from the unlawful entry of a junior high school and the theft of a computer, extension cord, and cassette player. The other theft allegation arose from the theft of a motorcycle. In exchange for the state's dismissal of the criminal damage and school theft allegations, the minor admitted the burglary and the motorcycle theft. The court adjudicated the minor delinquent, ordered that he be committed to the Department of Corrections, and ordered that he pay restitution to the junior high school in the amount of $73, and to the motorcycle owner in the amount of $50.

On appeal, the 15–year–old minor argues that his admissions were not voluntarily, intelligently, and knowingly made due to his tender age and limited education. He argues that he did not understand the ramifications and consequences of his admissions and asks us to remand for a determination of competency.

■ Our review of the record does not show that the minor was incapable of a knowing, intelligent and voluntary waiver of his rights. At the adjudication hearing, the judge explained the rights he was waiving and the minor stated that he understood and wished to admit the allegations. The minor's mother was present and agreed with her son's decision to admit the allegations, and the minor was represented by counsel. We find nothing to indicate

any lack of competence. We note that the minor was first referred for burglary at the age of 11 years. Later, he was involved in three more thefts and another burglary and was placed on probation for one year in 1984. In 1985, he was again placed on probation for auto theft and criminal damage. We see no reason to disturb the court's finding that the minor's admissions were knowingly, voluntarily, and intelligently made. He was competent to understand the consequences of those admissions, particularly in view of his prior experience with the juvenile court system.

Appellant has made a general argument that his admission was not voluntary, knowing and intelligent. We believe that recent Arizona Supreme Court decisions require us to consider those factors in light of the restitution order in this case. See State v. Phillips, 152 Ariz. 533, 733 P.2d 1116 (1987); State v. Lukens, 151 Ariz. 502, 729 P.2d 306 (1986).

■ The landmark United States Supreme Court decision In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that constitutional due process guarantees apply in juvenile proceedings, specifically providing a minor with the right to counsel and the Fifth Amendment privilege against self-incrimination. Because Gault requires juveniles generally to be afforded the same protections as adults in similar situations, we believe the standards set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), dealing with adult pleas of guilty are likewise applicable to juveniles who admit delinquency allegations in juvenile court. Cf. Maricopa County Juvenile Action No. J–72804, 18 Ariz.App. 560, 504 P.2d 501 (1972). In this case, the court did not inform appellant of the possibility that the disposition order would include restitution. The only indication in the record that restitution had been requested is contained at page five of the probation officer's eight-page predisposition report, where the report states that restitution requests were made by the burglarized school in the amount of $219.19 and by the owner of the stolen motorcycle in the amount of $250. As discussed

above, the court ordered that the minor pay restitution to the school in the amount of $73 and to the cycle owner in the amount of $50.

A.R.S. § 8–241(C) provides as follows:

The court *shall, after considering* the nature of the offense and the age, physical and mental condition and *earning capacity of the child,* order the following dispositions for a delinquent child, either as exclusive dispositions or in addition to the dispositions provided by subsection A, paragraph 2 of this section:

1. To make *full or partial restitution* to the victim of the offense for which the child was adjudicated delinquent. The court shall notify the victim of the dispositional hearing. The court may consider a verified statement from the victim concerning damages for lost wages, reasonable damages for injury to or loss of property and actual expenses of medical treatment for personal injury, excluding pain and suffering. (Emphasis added.)

Subsection 8–241(F) provides that a court, in committing a juvenile to the Department of Corrections, "shall specify the amount of monetary restitution" imposed.

 In *Phillips,* our supreme court concluded that a criminal defendant must be aware of the specific dollar amount of restitution that can be imposed before the court will find that the defendant voluntarily and intelligently agreed to pay restitution. The appellant minor in this case admitted allegations of burglary and theft in exchange for the state's dismissal of a criminal damage allegation and an additional theft allegation. We do not believe that appellant agreed to pay restitution, nor do we find that the court informed appellant of restitution as a possible additional disposition.

A.R.S. § 13–603(C) mandates court-ordered restitution upon conviction in adult prosecutions.[1] Had this been an adult prosecution, we would be compelled to vacate the plea and sentence to allow the adult defendant an opportunity to withdraw from the plea agreement. Section 8–241(C) does not contain the mandatory language of the adult restitution statute, but rather allows the court to consider the earning capacity of the child and to order "full or partial restitution" to the victim. Therefore, we vacate only the restitution order and affirm the court's remaining adjudication and disposition.

The restitution order is vacated and the juvenile court's adjudication of delinquency and commitment of the minor to the Department of Corrections are affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.

---

1. A.R.S. § 13–603(C) provides that the court *shall require* the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, *in the full amount of the economic loss* as determined by the court and in the manner as determined by the court pursuant to chapter 8 of this title.
(Emphasis added.) A.R.S. § 13–804(C) states that "the economic circumstances of the defendant" shall not be considered by the court "in determining the amount of restitution."