782 P.2d 327

**In the Matter of the Appeal in MARI-COPA COUNTY JUVENILE ACTION NO. JV–116553.**

**No. 1 CA–JUV 89–018.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 21, 1989.

LaSota & Associates by Douglas LaSota and Clarence Jenkins, Phoenix, for appellant.

Richard M. Romley, Maricopa County Atty. by Abigail Pennell Kennedy, Deputy County Atty., Phoenix, for appellee.

SHELLEY, Judge.

On December 28, 1988, a petition alleging delinquent conduct was filed against the juvenile in which one count of shoplifting was alleged. At the time the petition was filed, the juvenile was 14 years old. An advisory hearing was held on March 17, 1989. The juvenile's mother and grandfather were present in addition to the juvenile. At the advisory hearing, the court advised the juvenile and his mother of his right to counsel and his right to an adjudicatory hearing. They were then given an opportunity to ask any questions they had in order to be sure they understood his rights. The juvenile waived counsel with his mother's consent. The court advised them of the possible dispositions including probation, work hours, residential placement and commitment to the State Department of Corrections. The juvenile admitted that he was guilty of shoplifting. The court made a finding that the juvenile was a delinquent child.

A disposition hearing was held on April 19, 1989. The court ordered that the juvenile be made a ward of the court. He was placed on probation and allowed to remain in the physical custody of his parents. As a term of probation, the court ordered that the juvenile and his parents participate in individual and family counseling as arranged by a probation officer until released by the counselor.

The juvenile appealed from his conviction and sentencing. He requested that his plea be set aside and that this matter be remanded for a new adjudication, or in the alternative, a resentencing.

The first issue presented on appeal is: *Did the juvenile knowingly and intelligently waive his right to counsel?* The Court in *Pinal County Juvenile Action No. J–985,* 155 Ariz. 249, 745 P.2d 996 (App.1987), stated:

The landmark United States Supreme Court decision *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that constitutional due process guarantees apply in juvenile proceedings, specifically providing a minor with the right to counsel and the Fifth Amendment privilege against self-incrimination. Because *Gault* requires juveniles generally to be afforded the same protections as adults in similar situations, *we believe the standards set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), dealing with adult pleas of guilty are likewise applicable to juveniles who admit delinquency allegations in juvenile Court. Cf. Maricopa County Juvenile Court Action No. J–72804,* 18 Ariz. App. 560, 504 P.2d 501 (1972).

*Pinal County Juvenile Action No. J–985,* 155 Ariz. at 250, 745 P.2d at 997 (emphasis added). Since the same standards dealing with adult pleas of guilt are applicable to juveniles who admit delinquency allegations, the case of *State v. Raseley,* 148 Ariz. 458, 715 P.2d 314, (App.1986), is applicable. Raseley was an adult defendant. The court stated:

In a criminal case, a defendant has a constitutional right to represent himself. U.S. Const. amend. VI; *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975); Ariz. Const. art. II, § 24; *State v. Hartford,* 130 Ariz. 422, 424, 636 P.2d 1204, 1206 (1981). However, before a defendant may be allowed to waive counsel and represent himself, *he should be made aware of the dangers and disadvantages of self-representation. See Hartford.*

*The fundamental question ... is not one of the wisdom of the defendant's judgment but whether the defendant's waiver of counsel was made in an intelligent, understanding and*

*competent manner.... All factors* relating to the determination of whether the defendant knew exactly what he was doing when he waived his right to counsel are relevant.

....

*Faretta* directs that the defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." ' 422 U.S. at 835, 95 S.Ct. at 2541. In this case, the record does not contain proof that the defendant was properly warned of the dangers of exercising his *Faretta* right.

*State v. Raseley*, 148 Ariz. at 461–62, 715 P.2d at 317–18 (emphasis added). *See also K.M. v. State*, 545 So.2d 464 (1989) (trial judge erred in accepting juvenile defendant's waiver of rights to counsel and plea of *nolo contendere* because he failed to inform the juvenile of benefits he would relinquish and dangers and disadvantages of representing himself).

Rule 6(c) of the Arizona Rules of Procedure for the Juvenile Court, states:

A child may waive counsel if the court finds that his waiver is *knowingly, intelligently and voluntarily given* in view of his age, education, apparent maturity and within the presence of his parents, guardian or custodian, at the time of waiver. *The waiver of counsel should also be obtained from parents, guardian or custodian in attendance on behalf of the child and themselves.* (emphasis added)

At the time the juvenile's mother waived the right to counsel, she stated that "If the outcome of the disposition hearing is not acceptable, I will want an attorney," whereupon the commissioner stated, "You will have an attorney to appeal, is that what you mean? You will have 15 days after the disposition hearing." The commissioner did not inform the juvenile or his mother that after the disposition hearing had occurred, an attorney could not undo what had already occurred at the disposition hearing unless, through an appeal, it was determined that reversible error had occurred in the proceedings in juvenile court up to and including the disposition hearing.

It is clear from the record in this case that the juvenile and his mother were not advised of the dangers and disadvantages of self-representation before his right to counsel was waived. Since the juvenile and his mother were not advised with respect to the dangers and disadvantages of self-representation, the waiver of counsel was not knowingly and intelligently made.

In view of our decision on this issue, it is unnecessary to reach the other issues raised on appeal. The plea entered by the juvenile is vacated and this case is remanded to the juvenile court for further proceedings consistent with this decision.

CONTRERAS, P.J., and LEVI RAY HAIRE, Judge (Retired), concur.

NOTE: The Honorable LEVI RAY HAIRE was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.