792 P.2d 763

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NOS. JV–108721 AND F–327521.**

**No. 1 CA–JUV 89–021.**

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 25, 1990.

Review Granted June 19, 1990.

Cross–Petition for Review Denied
June 19, 1990.

Wisdom, Logan & McNulty by Charles M. McNulty, Phoenix, for appellant.

Richard M. Romley, Maricopa Co. Atty. by James D. Lee, Deputy Co. Atty., Phoenix, for appellee.

GERBER, Judge.

This is an appeal from a trial court's denial of the juvenile's motion to withdraw his admissions of guilt to two offenses. We consider the following issues on appeal:

(1) whether the juvenile waived his right of confrontation;

(2) whether the juvenile waived his privilege against self-incrimination;

(3) whether the juvenile's waiver of counsel was voluntary; and

(4) whether the juvenile's waiver of counsel was knowing and intelligent.

## FACTS

On February 24, 1989, the juvenile admitted at an advisory hearing that he committed second degree burglary and first degree theft. The commissioner who conducted the hearing first informed the juvenile of his right to counsel at a group hearing involving other juveniles. The commissioner stated:

If you do want a trial ... the court will enter your denial and then go further to make certain that you do have an attorney because you will be unable to properly conduct the trial without the services of an attorney.

The commissioner also informed the juvenile of the responsibility regarding hiring an attorney. He stated:

Arizona law imposes the primary financial responsibility for providing an attorney on the parents. If the parent fails to provide the attorney, the court will still appoint one for you, but then will require the parent to fill out and file with the court a financial statement, and on the basis of that statement, the court may be assessing the parent for the cost of the attorney's fees later in the case.

At a subsequent individual hearing involving only this juvenile, the commissioner asked the juvenile if he wished to give up his right to a lawyer and jury trial. The commissioner also informed the juvenile

that he had other rights that he would surrender by admitting guilt. The commissioner stated:

The juvenile's attorney would be assisting him [the juvenile] in a number of different ways. He would, of course, read the police reports. He attends the trial. He cross-examines witnesses. He counsels with the juvenile to help him decide whether to remain silent or to give up that right and speak as a witness. The juvenile and his attorney can pick witnesses of their own choice to be present at the juvenile's trial to speak in the juvenile's defense and subpoenas will be issued to require the appearance of such witnesses.

## ANALYSIS

1. *The juvenile waived his right to confrontation.*

■ Due process requires that the juvenile be advised of the right to confrontation. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The juvenile claims that he was never told that he had this right. We have reviewed the record and find that the juvenile is incorrect.

The commissioner did not specifically say that the juvenile had a "right to confront his accuser." However, the Arizona Supreme Court has stated that "[t]here is no set format for the trial court to follow" in advising a defendant of his rights. *State v. Reynolds,* 106 Ariz. 47, 50, 470 P.2d 454, 457 (1970). Rule 7, Arizona Rules of Procedure for Juvenile Court, provides in part that "[t]he conduct of the hearing shall be as informal as the requirements of due process and fairness permit." The juvenile was told that his attorney would attend the trial and cross-examine witnesses. This language encompasses the right to confront one's accusers. The juvenile was informed of this right and waived it.

2. *The juvenile waived his privilege against self-incrimination.*

■ The juvenile claims that he did not waive his privilege against self-incrimination. The record, however, indicates that

the juvenile was informed of this right and waived it. The commissioner asked the juvenile three times whether he wished to admit to the charges or not admit and go to trial. The commissioner informed the juvenile that his lawyer at trial would help him decide whether to remain silent or to give up that right and speak as a witness. These statements encompass the privilege against self-incrimination.

### 3. *The juvenile voluntarily waived his right to an attorney.*

■ The juvenile and his parent(s) must be advised of the right to be represented by counsel, including the right to be furnished counsel if the parties are indigent. 17B A.R.S.Juv.Ct. Rules of Proc., Rule 6. The juvenile may waive this right and admit the charged offenses. Prior to accepting such an admission, a hearing officer must determine whether his waiver is intelligently and voluntarily given. 17B A.R.S. Juv.Ct. Rules of Proc., Rule 6(c).

The juvenile claims that the commissioner "coerced" him to admit his guilt because of the suggestion that the juvenile's parent(s) would be responsible for the full cost of attorney's fees. We disagree. The commissioner stated that he "may" assess the parents for attorney's fees. The commissioner also said that the parents' financial statement would be the basis for the commissioner's decision whether to assess the parents for attorney's fees. This language indicates that counsel would be provided free of charge if the commissioner found that the parents could not afford to pay counsel. Therefore, there was no coercion. The juvenile voluntarily waived his right to counsel.

### 4. *The juvenile's waiver of counsel was not knowing or intelligent.*

■ This court has recently held in *Matter of Appeal in Maricopa County Juvenile Action No. JV–116553*, 162 Ariz. 209, 782 P.2d 327 (1989), that a juvenile and his parent[s] must be informed of the dangers and disadvantages of self-representation in order for a waiver of counsel to be knowing and intelligent. The record must estab-

lish that the juvenile "knows what he is doing and his choice is made with eyes open." *Id.* quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 582 (1975). We have reviewed the record sua sponte to determine if the juvenile's waiver was knowing and intelligent. The juvenile was told that he would be unable to properly conduct a trial without the aid of an attorney. This statement alone does not adequately inform a juvenile of the danger inherent in self-representation nor does it convey to a juvenile that a lawyer could provide greater assistance than the juvenile alone could provide. A juvenile cannot knowingly or intelligently waive his right to counsel without being told in more specific language about the dangers and disadvantages of self-representation, e.g., to name but a few, ignorance of court procedures and rules, lack of skill in obtaining and examining witnesses, and inability to creatively devise a suitable resolution of the case.

We therefore reverse the trial court's denial of the juvenile's motion to withdraw. We remand to the trial court with the direction that the juvenile be allowed to withdraw his admissions of guilt.

VOSS, P.J., and JACOBSON, J., concur.