798 P.2d 364

**In the Matter of MARICOPA COUNTY JUVENILE ACTION NO. JV–108721 AND F–327521.**

No. CV–90–0076–PR.

Supreme Court of Arizona,
In Banc.

Aug. 30, 1990.

Richard M. Romley, Maricopa County Atty. by Judith C. Ruhl O'Neill and James D. Lee, Deputy County Attys., Phoenix, for State.

Wisdom, Logan & McNulty by Charles M. McNulty, Phoenix, for Juvenile.

## OPINION

MOELLER, Justice.

### JURISDICTION

This is a juvenile case. The juvenile admitted his guilt and was placed on probation. He appealed. The court of appeals rejected all three points raised on appeal, but nevertheless reversed based on its *sua sponte* finding that the juvenile's waiver of counsel was not knowing or intelligent. *In re Maricopa County Juvenile Action No. JV–108721*, 164 Ariz. 300, 302, 792 P.2d 763, 765 (App.1990). We granted the state's petition for review and denied the juvenile's cross-petition. *See* Rule 28, Ariz. R.Pro.Juv.Ct., 17B A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### ISSUE PRESENTED

Whether the juvenile's waiver of counsel was made knowingly and intelligently.

### PROCEEDINGS BELOW

On January 11, 1989, the state filed a petition against the juvenile alleging delinquent conduct, consisting of one count of burglary and one count of theft. An advis-

ory hearing was held on February 24, 1989. Both the juvenile and his mother were present. At the advisory hearing, the juvenile court commissioner informed the juvenile and his mother of the juvenile's right to counsel, explained the nature of a trial, the role of an attorney, and possible dispositions of the case. The juvenile and his mother were both given an opportunity to ask questions. The juvenile waived counsel with his mother's consent and admitted he was guilty of burglary and theft. Based on the admissions, the court found that the juvenile was a delinquent child.

After the probation officer recommended intensive probation, the court appointed counsel to represent the juvenile. Counsel moved for withdrawal of the admissions of guilt. Following a hearing on the motion at which the juvenile testified, Judge Silverman concluded:

> Commissioner Meyers [who accepted the waiver and admissions] found that the youngster understood these rights and that he knowingly, intelligently and voluntarily gave them up. Having heard the recording [of the advisory hearing] I am unable to say that Commissioner Meyers' determination was clearly erroneous, which [determination] appears to have been supported by the record. Therefore, motion to withdraw admission is denied.

The juvenile was placed on probation, ordered to spend a weekend in detention, and to pay $50 in restitution.

The juvenile appealed, raising three issues: improper waiver of his right of confrontation; improper waiver of his privilege against self-incrimination; and involuntary waiver of counsel. The court of appeals rejected all three contentions. However, the court of appeals went on, *sua sponte,* to conclude that the juvenile's waiver of counsel, although voluntary, was not knowing or intelligent because the juvenile and his mother were not adequately warned of the "dangers and disadvantages" of self-representation.

The court of appeals' discussion and disposition of the subject was as follows:

This court has recently held in [*Matter of Appeal in Maricopa County Juvenile Action No. JV–116553,*] 162 Ariz. 209, 782 P.2d 327 (1989), that a juvenile and his parent[s] must be informed of the dangers and disadvantages of self-representation in order for a waiver of counsel to be knowing and intelligent. The record must establish that the juvenile "knows what he is doing and his choice is made with eyes open." *Id.* quoting *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 582 (1975). We have reviewed the record sua sponte to determine if the juvenile's waiver was knowing and intelligent. The juvenile was told that he would be unable to properly conduct a trial without the aid of an attorney. This statement alone does not adequately inform a juvenile of the danger inherent in self-representation nor does it convey to a juvenile that a lawyer could provide greater assistance than the juvenile alone could provide. A juvenile cannot knowingly or intelligently waive his right to counsel without being told in more specific language about the dangers and disadvantages of self-representation, e.g., *to name but a few,* ignorance of court procedures and rules, lack of skill in obtaining and examining witnesses, and inability to creatively devise a suitable resolution of the case.

164 Ariz. at 302, 792 P.2d at 765 (emphasis added).

Based on this analysis, the court of appeals reversed and remanded. Our review is limited to the issue of whether the waiver of counsel was knowingly and intelligently made, as found by the juvenile judge.

### DISCUSSION

The landmark case of *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) held that due process guarantees apply in juvenile proceedings, including the right to notice of the charges, to counsel, to confrontation and cross-examination of witnesses, and to the privilege against self-incrimination.

228

In finding that the juvenile did not intelligently and knowingly waive counsel, the court of appeals relied on *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In *Faretta*, the United States Supreme Court held that a criminal defendant has a constitutional right to conduct his own defense when he "knowingly and intelligently" chooses to do so. After finding that the right of self-representation is implicit in the sixth amendment, the Court stated:

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'

*Id.* at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581–82 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 274–75 (1942)).

■ We believe the court of appeals erred in concluding that *Faretta* requires a trial court, before accepting a waiver of counsel, to attempt to predict in accurate detail all of the possible disadvantages and potential dangers that self-representation in a given case might or could present and then to pass those predictions on to the defendant for consideration. We have previously rejected a similar argument in *State v. Rigsby*, 160 Ariz. 178, 772 P.2d 1 (1989). In *Rigsby*, the defendant argued he did not make a knowing waiver of his right to counsel because the trial court did not inform him of the dangers and disadvantages of self-representation. In that case, the trial court found a knowing, intelligent and voluntary waiver after a discussion with the defendant, in which the defendant, in an articulate manner, expressed his desire to defend himself. Justice Feldman, speaking for a unanimous court, stated: "The constitution requires no more of the judge." *Id.* at 182, 772 P.2d at 5.

■ In juvenile cases, as in adult cases, a court must *inform* the juvenile of his right to counsel and that counsel will be appointed if the juvenile cannot afford counsel. *In re Gault*, 387 U.S. at 41, 87 S.Ct. at 1451, 18 L.Ed.2d at 554. However, Rule 6, Ariz.R.Pro.Juv.Ct., 17B A.R.S., specifically allows a juvenile to waive counsel "if the court finds that the waiver is knowingly, intelligently and voluntarily given in view of his age, education, apparent maturity and within the presence of his parents...." *Accord Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378, 385 (1981) (waivers of counsel must be voluntary, intelligent and knowing based on particular facts and circumstances surrounding the case).

■ The juvenile in this case was sixteen at the time of the waiver and had attended school through the ninth grade. The commissioner outlined the role of an attorney, explained the nature of a trial, and advised the juvenile he could not properly conduct a trial without an attorney's services. The commissioner informed the juvenile of the criminal charges and possible penalties he faced. The juvenile's mother was present and agreed with her son's decision to waive counsel. As we noted in *Rigsby*, the constitution required no more of the judge before accepting the waiver as knowing and intelligent. *Cf. Patterson v. Illinois*, 487 U.S. 285, 292–97, 108 S.Ct. 2389, 2395–97, 101 L.Ed.2d 261, 272–75 (1988) (constitutional minimum for determining knowing and intelligent waiver is that accused is aware of right to counsel and possible consequences of decision to waive counsel).

If *Faretta* is read to require what the court of appeals would require, the court of appeals' articulation of the requirement itself demonstrates the impracticability of its application. According to the court of appeals, a juvenile *cannot* waive his right of counsel and, therefore, also cannot exercise his right of self-representation without being told in specific language of the dangers and disadvantages of self-representation. The court of appeals would require such advice to cover "*to name but a few*, ignorance of court procedures and rules, lack of skill in obtaining and examining witnesses, and inability to creatively devise a suitable

resolution of the case." 164 Ariz. at 302, 792 P.2d at 765 (emphasis added).

We do not believe the court in *Faretta* intended to make it virtually impossible for defendants or juveniles to waive their right to counsel or to exercise their right of self-representation. We do note that in *McDowell v. United States* Justices White and Brennan dissented from a denial of petition for writ of certiorari, observing a split in the circuits over the extent of inquiry necessary before finding that an accused's waiver of counsel was knowing and intelligent, 484 U.S. 980, 108 S.Ct. 478, 98 L.Ed.2d 492 (1987); *see, e.g., United States v. McDowell,* 814 F.2d 245, 250 (6th Cir. 1987), *cert. denied,* 484 U.S. 980, 108 S.Ct. 478, 98 L.Ed.2d 492 (1987) (adopting model inquiry set forth in 1 *Bench Book for United States District Judges* 1.02–2 (3d ed. 1986)); *United States v. Bailey,* 675 F.2d 1292, 1300 (D.C.Cir.1982), *cert. denied,* 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982) (court "enjoin[ing] upon the District Court the practice of making clear on the record the awareness by defendants of the dangers and disadvantages of self-representation"); *Piankhy v. Cuyler,* 703 F.2d 728, 731 (3d Cir.1983) (requiring trial court to conduct a "searching inquiry"); *United States v. Edwards,* 716 F.2d 822, 824 (11th Cir.1983) ("trial judge must conduct a hearing to ensure that the accused understands the dangers and disadvantages of proceeding *pro se*"); *United States v. Chaney,* 662 F.2d 1148, 1152 (5th Cir.1981) (trial judge must conduct a waiver hearing); *United States v. Tompkins,* 623 F.2d 824, 828 (2d Cir.1980) (requiring a "recorded colloquy" but stating that the requirement of "full and calm discussion" is not absolute); *United States v. Bell,* 901 F.2d 574, 577 (7th Cir.1990) (rejecting the rigidity implicit in a formal inquiry, but suggesting guidelines for inquiries as found in the *Bench Book*); *United States v. Kimmel,* 672 F.2d 720, 721–22 (9th Cir.1982) (explanations not required because test concerns what defendant understood); *United States v. Hafen,* 726 F.2d 21, 25 (1st Cir. 1984), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984) (particular warning or specific findings of fact not required).

We reject any suggestion that a specific litany of questions be asked or warnings given in determining whether a waiver of counsel is knowing or intelligent. We believe Rule 6(c), Rules of Procedure for the Juvenile Court, provides appropriate and constitutional guidance to the juvenile court. It provides:

A child may waive counsel if the court finds that his waiver is knowingly, intelligently and voluntarily given in view of his age, education, apparent maturity and within the presence of his parents, guardian or custodian, at the time of waiver. The waiver of counsel should also be obtained from parents, guardian or custodian in attendance on behalf of the child and themselves. Waiver of counsel shall be set out in writing or in the minutes of the court. If there is a conflict of interest between the child and his parents, guardian or custodian, the court shall impose such safeguards on waiver of counsel as appear in the best interests of the child.

We also note that the court of appeals relied on its own earlier case of *In re Maricopa County Juvenile Action No. JV–116553,* 162 Ariz. 209, 782 P.2d 327 (App.1989). That case is distinguishable. In it, at the time the mother purportedly waived counsel for her son, she stated: "If the outcome of the disposition hearing is not acceptable, I will want an attorney." The commissioner, accepting the waiver of counsel, failed to inform the mother that an attorney could not undo what occurred at a disposition hearing unless reversible error could be demonstrated. Citing *Faretta* and *State v. Raseley,* 148 Ariz. 458, 715 P.2d 314 (App.1986), the court of appeals held that the waiver of counsel in that case was invalid. 162 Ariz. at 211, 782 P.2d at 328.

We have reviewed the record and examined the particular facts and circumstances surrounding the juvenile's waiver of counsel, including the background, experience and conduct of the juvenile. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019,

1023, 82 L.Ed. 1461, 1466 (1937); *see also State v. Mott,* 162 Ariz. 452, 784 P.2d 278 (App.1990). We note that the juvenile was first referred for theft in 1986. Later, he was involved in a theft and burglary in 1988 and placed on probation. In view of the juvenile's age, education, apparent maturity and prior experience with the juvenile court system, we believe the juvenile court commissioner properly accepted the juvenile's waiver of counsel under both the constitution and Juvenile Rule 6. *See In Re Pinal County Juvenile Action No. J–985,* 155 Ariz. 249, 745 P.2d 996 (App.1987).

## DISPOSITION

The juvenile court's order denying the motion to withdraw admissions is affirmed. That portion of the court of appeals' opinion holding that the waiver of counsel was not knowingly and intelligently made is vacated.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.