736 P.2d 369

**STATE of Arizona, Appellee,**

v.

**Jose Villegas LOPEZ, Appellant.**

**No. CR–86–0120–AP.**

Supreme Court of Arizona,
In Banc.

April 30, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Janet Keating, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

MOELLER, Justice.

Jose Villegas Lopez entered a plea of guilty to first degree murder. In return, the state agreed not to seek the death penalty, to dismiss an armed robbery charge, and not to file certain other charges. He was sentenced to life in prison without possibility of parole for twenty-five years. He appeals. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. §§ 13–4031, 4033.

Lopez was arrested on the charges on October 7, 1985, and remained in custody until he was sentenced on April 2, 1986. The trial judge gave him credit for 175 days of pre-sentence incarceration time, that being the amount shown in the pre-sentence report. No one questioned the accuracy of that computation in the trial court. On appeal, however, both sides agree the computation was incorrect. Lopez contends that he is entitled to 178 days credit, while the state contends he is entitled to 177 days credit. The one day difference comes about because Lopez counts the sentencing day as a day of pre-sentence incarceration and the state does not. We agree with the state.

Resolution of this dispute is governed by A.R.S. §§ 13–709(A) and (B). Subsection (A) provides, in pertinent part, "A sentence of imprisonment commences when sentence is imposed if the defendant is in custody...." Subsection (B) provides, "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter." Subsections (A) and (B) of A.R.S. § 13–709 are complementary and should be so construed. *See, Gortarez v. Smitty's Super Valu, Inc.,* 140 Ariz. 97, 103, 680 P.2d 807, 813 (1984); *State v. Pena,* 140 Ariz. 545, 550, 683 P.2d 744, 749 (App.1983), *aff'd* 140 Ariz. 544, 683 P.2d 743 (1984). The purpose of these subsections is to provide that each day of custody, whether pre-sentence or post-sentence, is credited toward the term of imprisonment. That purpose does not, however, require or permit a double credit for the sentencing day itself. Since Lopez was in custody, his sentence began, under Subsection (A), on his sentencing day. Where the sentencing day is the first day of the sentence under Subsection (A), it does not also count as the last day of pre-sentence credit under Subsection (B).

Division One of the court of appeals recently addressed an identical issue relative to calculation of pre-sentence credits. In *State v. Hamilton,* 153 Ariz. 244, 735 P.2d 854 (App.1987), the court arrived at the same conclusion that we now approve.

Defendant has raised no other issue on appeal. We have, however, pursuant to A.R.S. § 13–4035 and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reviewed the entire record in this case and find no fundamental error. The facts and circumstances justified the acceptance of the plea of guilty under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record also reflects that the defendant knowingly, voluntarily and intelligently entered into the plea agreement, and the sentence imposed was in accordance with the agreement. There were no irregularities in the plea or sentencing proceedings below.

The conviction is affirmed. Pursuant to A.R.S. § 13–4037, the sentence is modified to reflect that the defendant is granted 177 days of pre-sentence credit.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, and HOLOHAN, JJ., concur.