774 P.2d 234

**STATE of Arizona, Appellee,**

v.

**Scott Allan RITCH, Appellant.**

**No. 1 CA–CR 88–695.**

Court of Appeals of Arizona, Division 1, Department A.

May 9, 1989.

496

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CLABORNE, Judge.

This appeal presents an issue of first impression in this state. The issue is whether all presentence time spent in custody by a juvenile, later adjudicated as an adult, should be credited toward the sentence imposed.

### FACTS

On August 12, 1987, at approximately 4:00 a.m., the appellant, without permission, entered the apartment of the victim, threatened her with a knife, and later fled when the victim's daughter entered the room. The appellant was sixteen years old at the time of the offense. He was arrested twelve days later and held in custody by the juvenile authorities until he was ordered transferred to the superior court (the trial court termed it "remanded") on December 15, 1987. The Maricopa County Grand Jury returned an indictment against the appellant on December 22, 1987.

Appellant Ritch was charged with burglary in the first degree, a class 2 felony, pursuant to A.R.S. § 13–1508, and aggravated assault, a class 3 felony, pursuant to A.R.S. § 13–1204. The state alleged the dangerous nature of the offenses because appellant was using a weapon at the time the crimes were committed. On April 19, 1988, appellant entered into a plea agreement with the state whereby he pleaded guilty to aggravated assault, pursuant to *State v. Alford*, 98 Ariz. 124, 402 P.2d 551 (1965), *cert. denied*, 382 U.S. 1020, 86 S.Ct. 625, 15 L.Ed.2d 535 (1966). In return, the burglary charge and allegation of dangerousness were dismissed.

After a presentence hearing, the trial court, on June 2, 1988, imposed the presumptive term of five years in the Arizona Department of Corrections, granting appellant credit for 169 days of presentence incarceration from the date of the transfer (remand) order. The record indicates appellant had been in custody attributable to the charge to which he pleaded since his arrest on August 24, 1987, for a total of 281 days.

This appeal does not challenge the validity of appellant's guilty plea. The sole issue on appeal is whether the trial court erred in failing to grant appellant credit for all the time he spent in custody prior to imposition of sentence.

For the reasons set forth below, we modify the trial court's calculation of appellant's presentence incarceration credit.

## STATUTORY INTERPRETATION OF A.R.S. § 13–709

■ Resolution of this issue is governed by A.R.S. § 13–709.* The statute provides, in pertinent part:

B. All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

A.R.S. § 13–709(B) (1978). The statute is mandatory, and the sentencing court has no discretion in the matter. *State v. Williams,* 128 Ariz. 415, 626 P.2d 145 (App. 1981). A.R.S. § 13–709(B) makes no exception for juvenile offenders. Courts will not read into a statute something which is not within the manifest intent of the legislature as reflected by the statute itself. *State ex rel. Smith v. Bohannan,* 101 Ariz. 520, 421 P.2d 877, *appeal dismissed,* 389 U.S. 1, 88 S.Ct. 55, 19 L.Ed.2d 1 (1967). We will not by implication or construction make such an exception when the statute has not. *Greenlee County v. Laine,* 20 Ariz. 296, 180 P. 151 (1919).

■ The state argues the legislature did not intend A.R.S. § 13–709(B) to apply to those periods when an offender's classification is unsettled. Accordingly, the state maintains appellant is entitled to only 169 days of presentence incarceration credit because time in "custody" commenced when he was transferred for prosecution as an adult on December 15, 1987.

* We note that A.R.S. §§ 13–605(D), 606(B), and 903(F) also mandate that a defendant be given credit for time spent in custody.

The rationale for A.R.S. § 13–709(B) can be found in *State v. Warde,* 116 Ariz. 598, 570 P.2d 766 (1977):

[A] defendant, as a matter of equal protection, must be credited with presentence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence.

*Id.* at 600–01, 570 P.2d 768–69. The purpose of subsection (B) is to provide that each day of presentence custody, like each day of postsentence custody, be credited toward the term of imprisonment. *State v. Lopez,* 153 Ariz. 285, 285, 736 P.2d 369, 369 (1987); *State v. Hamilton,* 153 Ariz. 244, 245, 735 P.2d 854, 855 (App.1987).

Appellant was initially held in custody at Adobe Mountain, an Arizona Juvenile Correction Institution. In determining whether time in a particular facility is required to be included as jail credit pursuant to A.R.S. § 13–709, the key question is whether the person is in custody. *State v. Vasquez,* 153 Ariz. 320, 321, 736 P.2d 803, 804 (App. 1987). Resolution of this issue varies among the states, because incarceration credit is governed by statute. *Id.*

[I]nterpretation of those statutes requires credit only for periods in which a defendant is in actual or constructive control of jail or prison officials.... Therefore, when a defendant remains within the control of jail or prison officials, credit must be given against his sentence for that time.

*Id.* (citations omitted).

Clearly, a central conceptual difference exists between incarceration and structured rehabilitation and treatment. *See, e.g., Pennington v. State,* 398 So.2d 815 (Fla.1981). The record and the appellate briefs indicate that the juvenile was held in custody until the transfer hearing and order of transfer (Rules 13 and 14, Rules of Procedure for the Juvenile Court) on the same charges for which he was later indicted. There is no record that the juvenile received structured rehabilitation or treatment while in the custody of juvenile au-

thorities. Clearly, appellant's presentence confinement was a precursor to his sentence to the Arizona Department of Corrections.

## JUVENILE OFFENDERS AND CONSTITUTIONAL CONSIDERATIONS

The Supreme Court has held that because juvenile proceedings are quasi-criminal in nature, all constitutional due process guarantees afforded to criminal defendants are extended to juveniles. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). *See also Hospital Corp. of America v. Superior Court,* 157 Ariz. 210, 214, 755 P.2d 1198, 1202 (App.1988). To deprive the appellant of the presentence custodial credit while he was in a juvenile facility affects his right to due process and equal protection under the fifth and fourteenth amendments. U.S. Const.Amends. V, XIV.

■ The due process clause applies when government action deprives a person of liberty or property. *Banks v. Ariz. State Bd. of Pardons & Paroles,* 129 Ariz. 199, 629 P.2d 1035 (App.1981). Because a person's liberty is at stake in a sentencing procedure, it obviously involves the deprivation of due process if the procedure is improper. Therefore, the sentencing process, as well as the trial itself, must satisfy the requirements of due process. *See State v. Watson,* 120 Ariz. 441, 586 P.2d 1253, *cert. denied,* 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). Should appellant fail to receive credit for all time served, as required under A.R.S. § 13-709, he will be denied his liberty for the period of time commencing with his arrest and continuing through the date he was remanded for prosecution as an adult.

■ *Gault* generally requires that juveniles be afforded the same protections as adults similarly situated. *Cf. In re Appeal in Pinal County Juv. Action No. J-985,* 155 Ariz. 249, 250, 745 P.2d 996, 997 (App. 1987). Adults convicted in the criminal courts and sentenced to prison and juveniles prosecuted and convicted as adults in the criminal courts and then sentenced to prison are similarly situated for purposes of equal protection challenges to sentencing schemes. *See People v. Olivas,* 17 Cal.3d 236, 242–43, 131 Cal.Rptr. 55, 59, 551 P.2d 375, 379 (1976). Therefore, persons originally confined as juveniles but subsequently tried as adults should be provided the same consideration as persons originally arrested as adults. *People v. Twine,* 135 Cal.App.3d 59, 64, 185 Cal.Rptr. 85, 87 (1982). *See also People v. Garcia,* 195 Cal.App.3d 191, 240 Cal.Rptr. 703 (1987); *People v. Saldivar,* 154 Cal.App.3d 111, 201 Cal.Rptr. 60 (1984); *People v. Duran,* 147 Cal.App.3d 1186, 195 Cal.Rptr. 724 (1983); *People v. Mobley,* 139 Cal.App.3d 320, 188 Cal.Rptr. 583 (1983). Juveniles who are subsequently committed to a juvenile facility, however, may not be entitled to credit for pre-adjudication custody. *In re Eric J.,* 25 Cal.3d 522, 159 Cal.Rptr. 317, 321, 601 P.2d 549, 553 (1979). Credit must be given to appellant because he was convicted and sentenced as an adult. This state's purpose of punishment is identical for both groups. If appellant is not credited for his entire period of presentence confinement, he will end up serving more total time in custody than a defendant sentenced to state prison who either was not detained pretrial, or a defendant in custody whose status was as an adult since arrest.

## LACK OF OBJECTION BY DEFENSE COUNSEL

Finally, the state raises the issue that defense counsel did not object to the trial court's refusal to credit appellant with the additional 112 days. We find this argument lacks merit. The trial court's failure to grant appellant full credit for presentence incarceration clearly constituted fundamental error. Fundamental error may be raised at any time. *See* Rule 103(d), Arizona Rules of Evidence.

Since appellant was in custody from the date of his arrest on August 24, 1987, until the date of sentencing, June 2, 1988, the

trial court erred in failing to grant him full credit for his presentence incarceration time. Accordingly, we find appellant is entitled to 281 days of presentence credit. By authority of A.R.S. § 13–4037, the trial court's sentence is modified to reflect that the appellant is granted 281 days of presentence incarceration credit rather than the 169 days originally ordered.

JACOBSON, P.J., and BROOKS, J., concur.