921 P.2d 34

#### In the Matter of the APPEAL IN COCHISE COUNTY JUVENILE DELINQUENCY ACTION NO. JV95000239.

#### No. 2 CA–JV 96–0019.

Court of Appeals of Arizona, Division 2, Department B.

July 25, 1996.

---

Alan K. Polley, Cochise County Attorney by James E. Sherman, Bisbee, for State.

James G. White, Cochise County Legal Defender by Bruce Houston, Bisbee, for Minor.

**OPINION**

HATHAWAY, Judge.

The minor was adjudicated delinquent after entering an admission to a charge of armed robbery, committed on September 1, 1995. In its January 23, 1996, disposition order, the juvenile court committed him to the Arizona Department of Juvenile Corrections (ADJC), for a minimum of two years in secure care. The juvenile court denied the minor's motion to reconsider the disposition, which argued (1) the two-year minimum imposed pursuant to A.R.S. § 8–241(I) was a violation of the prohibition against the enactment of *ex post facto* laws and, (2) he was entitled to credit for time served in the Cochise County juvenile detention home. On appeal, the minor challenges the juvenile court's rejection of those claims. We affirm.

The minor contends that application of the 1994 amendments to A.R.S. § 8–241, the statute governing the disposition alternatives for minors adjudicated delinquent, amounts to the enactment of an *ex post facto* law prohibited by the federal and state constitutions. United States Const. art. I, § 10; Ariz. Const. art. II, § 25. The April 1994 amendments added subsection (I) which allows the juvenile court to impose a minimum period in secure care. The minor argues that because he committed the armed robbery on September 1, 1995, the amendment, which by its terms applies "[f]rom and after September 30, 1995," cannot apply to him. As we understand his argument, that amendment in effect impermissibly permitted the court to inflict greater punishment than the law provided when he committed the crime. *See Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30

**236**

(1990); *State v. Noble,* 171 Ariz. 171, 829 P.2d 1217 (1992). We disagree.

By its terms, the statute applies to *commitments* on or after September 30, 1995. Additionally, in terms of notice to the minor, we agree with the state that the actual effective date of the statute is July 17, 1994, 90 days after the close of the legislative session, Ariz. Const. art. IV, pt. 1, § 1, and well before September 1, 1995, the day the minor committed the offense.

Moreover, even assuming a commitment to secure care is punishment,[1] the statute did not authorize a greater "punishment" than permitted at the time the minor committed the offense. It merely shifted to the court the authority to impose a minimum period of secure care. Before the statute was amended, ADJC determined both the minimum and the maximum length of stay. A.R.S. § 41–2816, 1991 Ariz. Sess. Laws, ch. 210, § 35. Regardless of where the authority for setting the minimum period lies, the juvenile may always be committed up until his or her eighteenth birthday.

We also reject the minor's claim that his right to equal protection was violated by the court's denial of his request for credit on the minimum period of secure care for the time he was in custody. In *State v. Ritch,* 160 Ariz. 495, 774 P.2d 234 (App.1989), Division One of this court held that for equal protection purposes, a juvenile prosecuted and sentenced as an adult was similarly situated to an adult arrested, prosecuted, convicted and sentenced. Therefore, the juvenile was entitled to credit pursuant to A.R.S. § 13–709(B) on a sentence imposed following a conviction in adult proceedings, for time spent in custody of juvenile authorities. The court added that "[j]uveniles who are subsequently committed to a juvenile facility, however, may not be entitled to credit for pre-

adjudication custody." 160 Ariz. at 498, 774 P.2d at 237. We agree.

The minor is not similarly situated to persons tried, convicted and sentenced as adults. Allowing a commitment order to contain only a minimum period of secure care, with the maximum period to be determined at a later date, is analogous to an indeterminate maximum sentence. As such, it is impossible to give credit for "time served" on an unknown period of secure care, which may be as long as the minor's eighteenth birthday. We see no violation of the minor's equal protection rights under these circumstances.

The juvenile court's disposition order is affirmed.

DRUKE, C.J., and FLÓREZ, J., concur.

---

1. By definition, delinquency proceedings are not criminal. *Yavapai County Juvenile Action No. 7707,* 25 Ariz.App. 397, 543 P.2d 1154 (1975). The objective of such proceedings is rehabilitation of the child. *Arizona State Dept. of Public Welfare v. Barlow,* 80 Ariz. 249, 296 P.2d 298 (1956); see also A.R.S. §§ 41–2801(1) and 41–2802(B) (committed youth is one committed for "supervision, rehabilitation, treatment and education." However, the Supreme Court has recognized that such proceedings are quasi-criminal because the juvenile faces the possibility of confinement, and they are, therefore, entitled to the same due process guarantees afforded criminal defendants. *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)). For purposes of this decision, therefore, we have assumed the commitment constitutes punishment as contemplated by the prohibition against *ex post facto* laws.