NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RAUL IVAN CAMPOS, *Appellant.*

No. 1 CA-CR 13-0151
FILED 5-1-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2011-113271-002
The Honorable Patricia A. Starr, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

_____

**C A T T A N I,** Judge:

**¶1**        Raul Ivan Campos appeals his convictions of (1) drive by shooting, a class 2 dangerous felony, (2) resisting arrest, a class 6 felony, and (3) misconduct involving weapons, a class 4 felony, and the resulting sentences.  Campos's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous.  Campos was given an opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  After reviewing the record, we affirm Campos's convictions but modify his sentences to reflect one additional day of presentence incarceration credit.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        The relevant facts, viewed in the light most favorable to upholding the jury's verdicts, are as follows.  On March 15, 2011, Campos rode as a passenger in a sport utility vehicle ("SUV") to a liquor store in Phoenix after learning that people were arguing outside the store.  After the SUV pulled into the parking lot, Campos pointed a gun in the direction of the front of the store and fired two shots.  Phoenix Police Officer Rincon, who was driving a marked police vehicle, saw Campos shoot at customers outside the store.  Campos subsequently pointed the gun at Officer Rincon.

**¶3**        Officer Rincon and other officers pursued the SUV.  During the pursuit, Campos threw a handgun out the passenger side window and over a residential backyard fence.  As the officers began to fan out for a high-risk vehicle stop, the SUV made a sharp turn and collided with one of the pursuing police vehicles.  Shortly thereafter, the SUV stopped abruptly and Campos jumped out.

**¶4** Officer Rincon ran towards Campos and took him to the ground. Officer Fernandez assisted Officer Rincon because Campos remained uncooperative. Campos used physical force against the officers to keep his hands under his body and prevent the officers from placing him in handcuffs. At one point, Campos tried to stand up to throw Officer Rincon off of his back. After struggling and subduing Campos, the officers took him into custody.

**¶5** The officers recovered the handgun Campos had thrown out the passenger window. There were three live pieces of ammunition and two expended bullet casings in the gun. The officers also recovered a fully-loaded handgun from the SUV.

**¶6** Campos was charged with drive by shooting, aggravated assault, resisting arrest, and misconduct involving weapons. The parties stipulated to Campos's prohibited possessor status.

**¶7** After a ten-day trial, a jury found Campos not guilty of aggravated assault, but guilty of the other counts. The court sentenced Campos to concurrent, presumptive terms of 10.5 years for drive by shooting, 1 year for resisting arrest, and 2.5 years for misconduct involving weapons, with 716 days' presentence incarceration credit.

**¶8** Campos timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

**¶9** Campos was present and represented by counsel at all stages of the proceedings, except for one pretrial hearing and a brief portion of trial day six for which counsel waived Campos's presence. The record reflects that the superior court afforded Campos his rights under the federal and state constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's guilty verdicts. Campos's sentences fall within the range prescribed by law.

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

**¶10**       A defendant is entitled to presentence incarceration credit for time spent in custody pursuant to an offense.  A.R.S. § 13-712(B).  A failure to award sufficient presentence incarceration credit constitutes fundamental error.  *State v. Ritch*, 160 Ariz. 495, 498, 774 P.2d 234, 237 (App. 1989).  Here, the superior court awarded Campos 716 days of presentence incarceration credit.  Campos was incarcerated from March 15, 2011 to March 1, 2013.  He therefore is entitled to 717 days' presentence incarceration credit, and we modify his sentences accordingly.

**¶11**       Once this decision is filed, defense counsel satisfies her obligations pertaining to Campos's representation by informing Campos of the outcome of this appeal and his future options.  *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).  Campos has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶12**       We modify the judgment to reflect 717 days of presentence incarceration credit.  We otherwise affirm Campos's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: MJT

4