NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSE XAVIER NAVARRETE, *Appellant.*

No. 1 CA-CR 14-0286
FILED 3-10-2015

Appeal from the Superior Court in Yuma County
No. S1400CR201100825
The Honorable Maria Elena Cruz, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adriana M. Zick
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

_____

**D O W N I E**, Judge:

**¶1**　　　　　Jesse Xavier Navarrete contends the superior court erred in calculating presentence incarceration credit. We conclude Navarrete is entitled to six additional days' credit and therefore affirm his sentence as modified.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　　In January 2012, Navarrete pled guilty to one count of aggravated driving while under the influence of intoxicating liquor, a class four felony. He was placed on intensive probation for 48 months. As a condition of probation, Navarrete was ordered to serve four months in the custody of the Arizona Department of Corrections.

**¶3**　　　　　Navarrete was released from custody on February 24, 2012 — the date of his sentencing — because he had accrued 223 days of presentence incarceration credit. After a series of violations, Navarrete's probation was revoked on April 16, 2014. Navarrete was sentenced to the presumptive term of 2.5 years and received 584 days of presentence incarceration credit.

**¶4**　　　　　Navarrete timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

**¶5**　　　　　Navarrete argues he was entitled to 600 days of presentence incarceration credit, not 584. The State agrees Navarrete's credit was improperly calculated, but asserts he is only entitled to an additional 5 days.

**¶6**　　　　　As relevant to these proceedings, Navarrete was in custody for the following periods of time: (1) July 16, 2011 to February 24, 2012; (2) April 8, 2012 to April 10, 2012; (3) April 17, 2012 to April 19, 2012; (4) April 29, 2012 to May 1, 2012; (5) July 13, 2012 to October 10, 2012; (6) November

9, 2012 to November 26, 2012; (7) December 7, 2012 to December 10, 2012; (8) January 13, 2013 to January 14, 2013; (9) January 18, 2013 to January 20, 2013; (10) January 25, 2013 to January 27, 2013; (11) February 20, 2013 to February 27, 2013; (12) March 4, 2013 to July 23, 2013; and (13) January 19, 2014 to April 16, 2014.

¶7 The parties agree the superior court erred by giving Navarrete credit for only two days for periods (2), (3), (4), (9), and (10). On those occasions, Navarrete was incarcerated for a 48 hour period that extended over three calendar days. The parties also agree Navarrete should have received two days' credit instead of one day for period (8). On that occasion, Navarrete was in custody from January 13 until January 14. We agree with the parties as to these periods of time. Navarrete is entitled to a day of credit for each calendar day spent in custody, regardless of the amount of time actually served on each day. *See State v. Carnegie*, 174 Ariz. 452, 454, 850 P.2d 690, 692 (App. 1993). The superior court only awarded two days of credit for each of the 48 hour periods and only one day of credit for the January 13 to January 14 period. Navarrete is entitled to six additional days of credit.[1]

¶8 Navarrete has not established entitlement to additional credit. In his opening brief, he erroneously lists time spent in custody from September 2, 2011 to September 11, 2011 twice, causing his calculations to be inflated by 10 days.

---

[1] We disagree with the State's contention Navarrete should not have received one day's credit for February 24, 2012. A defendant is not entitled to presentence incarceration credit for the day he is sentenced because that day constitutes the first day of his sentence and is thus not *presentence* incarceration. *State v. Hamilton*, 153 Ariz. 244, 246, 735 P.2d 854, 856 (App. 1987). However, February 24, 2012 is the date Navarrete was placed on probation and released from custody. He did not begin serving a term of incarceration imposed at sentencing on that date.

## CONCLUSION

**¶9**        For the reasons stated, we modify Navarrete's sentence to reflect entitlement to 590 days of presentence incarceration credit, *see State v. Ritch*, 160 Ariz. 495, 499, 774 P.2d 234, 238 (App. 1989), and affirm his sentence as modified.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama