NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ULYSSES JAVIER GONZALEZ, *Appellant.*

No. 1 CA-CR 14-0423
FILED 3-17-2015

---

Appeal from the Superior Court in Yuma County
No. S1400CR201100894
The Honorable John Neff Nelson, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele G. Ponce
*Counsel for Appellee*

Law Office of Terri L. Capozzi, Phoenix
By Terri L. Capozzi
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

H O W E, Judge:

¶1        Ulysses Javier Gonzalez appeals his conviction and sentences, arguing that the superior court failed to properly credit him for time spent in presentence custody. For the following reasons, we modify Gonzalez's sentence to reflect 785 days of presentence incarceration credit for Count 1.

### FACTS AND PROCEDURAL HISTORY

¶2        Gonzalez was charged with misconduct involving weapons (Count 1); drive-by shooting (Count 2); two counts of discharging a firearm at a structure (Counts 3 and 4); and four counts of aggravated assault (Counts 5–8). Gonzalez was found guilty of Counts 1, 2, 5, and 6; he was also found guilty of disorderly conduct as a lesser-included offense of aggravated assault for Counts 7 and 8. The superior court dismissed Count 3 and Gonzalez was acquitted on Count 4.

¶3        On July 2, 2011, Gonzalez was incarcerated at Yuma County Jail until he was released on bond on January 28, 2012. Gonzalez was then taken into federal custody on unrelated charges. On November 16, 2012, while still in federal custody, the superior court issued a warrant for Gonzalez's arrest for failing to appear at a hearing. On January 13, 2014, Gonzalez was released from federal custody and transferred to Yuma County Jail, where he remained until sentencing.

¶4        On June 13, 2014, the superior court sentenced Gonzalez to terms of 4.5 years' imprisonment on Count 1 and a 10.5 years' imprisonment on Count 2, to be served consecutively to each other. The court also imposed concurrent terms of imprisonment of 7.5 years for Counts 5 and 6. The superior court awarded Gonzalez 421 days of presentence incarceration credit for Count 1.

¶5        When Gonzalez inquired about the accuracy of his presentence incarceration credit, the superior court advised him to submit a recalculation. On June 16, 2014, Gonzalez filed a memorandum requesting 785 days of presentence incarceration credit. The State did not respond and

the superior court did not alter Gonzalez's sentence. Gonzalez timely appealed.

## DISCUSSION

**¶6**　　　Gonzalez argues, and the State effectively concedes, that the superior court erred by failing to award him 785 days of presentence incarceration credit for Count 1. A trial court's failure to credit a defendant with the appropriate length of presentence custody constitutes fundamental error, *State v. Ritch*, 160 Ariz. 495, 498, 774 P.2d 234, 237 (App. 1989), and this Court reviews de novo a grant of presentence incarceration credit, *see State v. Bomar*, 199 Ariz. 472, 475 ¶ 5, 19 P.3d 613, 616 (App. 2001).

**¶7**　　　Under A.R.S. § 13–712(B), a defendant is entitled to credit for all time that is "actually spent in custody." For the purposes of that statute, a defendant is in custody beginning at the time of "actual incarceration in a prison or jail, not simply a restraint on one's freedom." *State v. Carnegie*, 174 Ariz. 452, 453, 850 P.2d 690, 691 (App. 1993); *see also State v. Reynolds*, 170 Ariz. 233, 235, 823 P.2d 681, 683 (1992).

**¶8**　　　The superior court awarded Gonzalez 421 days of presentence incarceration credit based on its calculation of the time that Gonzalez was in federal custody on the outstanding Arizona warrant. The superior court erred in its award because it (1) failed to award Gonzalez credit for the time that Gonzalez was incarcerated in Yuma County Jail pursuant to the state charges and (2) miscalculated the days Gonzalez spent in federal custody on the outstanding Arizona warrant. Gonzalez was incarcerated in Yuma County jail from July 2, 2011, until January 28, 2012 (211 days), as well as from January 13, 2014, until June 13, 2014 (152 days). Gonzalez was also held in federal custody from November 16, 2012, until January 13, 2014 (422 days) while a state warrant was issued for his arrest. The superior court therefore erred in awarding him only 421 days of presentence incarceration credit instead of the sum total of the time Gonzalez spent in Yuma County Jail and in federal custody, or 785 days. Accordingly, pursuant to A.R.S. § 13–4037(B), Gonzalez's sentence is modified to reflect 785 days of presentence incarceration credit to be applied against the sentence imposed on Count 1. *See State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App. 1992) (correcting presentence incarceration credit without remand to trial court).

**CONCLUSION**

**¶9** Gonzalez's convictions and sentences are affirmed as modified to reflect 785 days of presentence incarceration credit for Count 1.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama