NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

PATRICK PRICE, *Appellant*.

No. 1 CA-CR 17-0668
FILED 10-2-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2017-112815-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Chief Judge Samuel A. Thumma joined.

---

**M O R S E**, Judge:

¶1  Patrick Price appeals from his convictions and prison sentences, arguing that the superior court erred by failing to credit 19 days of presentence incarceration to his sentences. We modify his sentences and affirm his convictions and sentences as modified.

**FACTS AND PROCEDURAL HISTORY**

¶2  On March 20, 2017, Price was taken into custody and later charged with five felony offenses, three counts of drug possession and two counts of possession of drug paraphernalia. At the time of his arrest, Price was on probation for a 2005 conviction. At trial, Price was acquitted of the three drug possession charges and convicted of the two drug paraphernalia charges.

¶3  At the time of sentencing, Price had spent 198 days in custody for his 2017 convictions, and 199 days for his 2005 conviction. The superior court sentenced Price to six months' imprisonment for the 2005 conviction, and two concurrent terms of 3.75 years' imprisonment for the 2017 convictions, to run consecutive to the sentence for the 2005 conviction. The court stated that it would credit the 199 presentence incarceration days against only the six-month sentence. In doing so, the court acknowledged that this would result in "some spillover," but stated that it was not legally authorized to give any credit against the 3.75-year sentences.

¶4  Price did not object during sentencing, but the failure to grant a defendant full credit for presentence incarceration is fundamental error, which may be raised at any time. *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989). Price timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶5        The question of whether Price is entitled to presentence incarceration credit is a matter of statutory interpretation, which we review de novo. *State v. Bomar*, 199 Ariz. 472, 475, ¶ 5 (App. 2001). Price spent 199 days in presentence custody for his offenses, but the superior court only credited six months of that time against his sentences. Price argues, and the State concedes, that the superior court erred by failing to credit 19 days of presentence incarceration against Price's sentences.

¶6        The State's concession is well taken: "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter." A.R.S. § 13-712(B). "Stated another way, the term of imprisonment minus the number of days spent in presentence custody equals the length of incarceration in prison." *State v. Cruz-Mata*, 138 Ariz. 370, 375-76 (1983). The statute, mandating that "*[a]ll* time . . . *shall* be credited" is both mandatory and unambiguous. A.R.S. § 13-712(B) (emphasis added); *see also Ritch*, 160 Ariz. at 497 ("The statute is mandatory, and the sentencing court has no discretion in the matter.").

¶7        Because the superior court did not credit Price's sentences with the full length of his presentence incarceration as required by statute, it erred. We therefore modify Price's sentences imposed for the 2017 convictions pursuant to A.R.S. § 13-4037, and credit 19 days of presentence incarceration against Price's two concurrent 3.75-year sentences.

## CONCLUSION

¶8        For the foregoing reasons, we modify Price's sentences and affirm his convictions and sentences as modified.

