NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LAYDON WILLIAMS, *Appellant*.

No. 1 CA-CR 23-0524
FILED 01-09-2025

Appeal from the Superior Court in Maricopa County
No.  CR2022-006158-001
The Honorable Harla M. Davison, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

---

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Laydon Williams has advised the court that, after searching the entire record, he has found no arguable question of law and asks the court to conduct an *Anders* review of the record. Williams was given the opportunity to file a supplemental brief but has not done so. This court has reviewed the record and, for the reasons that follow, affirms Williams' convictions and sentences as modified to reflect additional presentence incarceration credit.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Williams was charged with two counts of aggravated driving or in actual physical control of a vehicle while under the influence of intoxicating liquor: (1) for being impaired to the slightest degree and (2) for having a blood alcohol concentration (BAC) of 0.08 percent or more, both Class 4 felonies. A.R.S. § 28-1383(A)(1), (O)(1). The offenses were alleged to have been committed on April 9, 2021 in Phoenix. A jury found him guilty as charged. Following a bench trial on priors, where the State presented evidence of a prior felony conviction the court sentenced Williams as a non-dangerous category 1 repetitive offender to two concurrent, mitigated terms of 1.5 years in prison. *See* A.R.S. §§ 13-703(H); 28-1383(A)(1), (O)(1).[1]

---

[1] The court also revoked Williams' driver's license, ordered him to pay $4,653 in fines and fees and recommended he be housed in a facility that offers substance abuse treatment, along with a consecutive term of community supervision pursuant to A.R.S. § 13-603(I). These matters are not part of this appeal.

**¶3**         Williams was arrested on April 9, 2021 and taken to the police station where he consented to two BAC tests that same day. After police verified Williams' driver's license was suspended, Williams was taken into Maricopa County custody based on four counts of aggravated DUI charges. Pursuant to a bench warrant for failure to appear, Williams was again held in custody for one day. Williams was then held in custody for 33 days between the guilty verdict and sentencing. The court awarded Williams 36 days of presentence incarceration credit for Count One and 34 days of presentence incarceration credit for Count Two.

**¶4**         This court has jurisdiction over Williams' timely appeal under Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1) (2025).[2]

## DISCUSSION

**¶5**         The record shows Williams was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record also shows that, at the request of his counsel, Williams was evaluated and found competent to stand trial. The record contains substantial evidence supporting the verdicts.

**¶6**         Williams has a right to presentence incarceration credit for his prison sentences, A.R.S. § 13-712(B)**,** and if he was not properly credited with that time, this court can correct that credit on appeal, *see State v. Ritch*, 160 Ariz. 495, 499 (App. 1989). The presentence investigation report recommended that he be credited for two days of presentence incarceration for Count One, but not for Count Two, for April 9 and 10, 2021, the day of the offenses and the next day**.** His April 9, 2021 release questionnaire, however, indicates that he was facing both charges resulting in Counts One and Two, as well as two other counts that were not filed. Accordingly, he was entitled to two days of presentence credit on both convictions. *See* A.R.S. § 13-712(B). Because Williams was in custody for 36 days before he was sentenced to both counts, this court awards a corrected amount of presentence incarceration credit of 36 days for Count Two.

**¶7**         In all other respects, however, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**CONCLUSION**

**¶8**        This court has read and considered counsel's brief and has searched the record provided for reversable error and has corrected the presentence incarceration calculation for Count Two. *See Leon*, 104 Ariz. at 300; *see also State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999); *see also Ritch*, 160 Ariz. at 499. Accordingly, Williams' convictions and resulting sentences are affirmed as modified to reflect additional presentence incarceration credit for Count Two.

**¶9**        Upon the filing of this decision, defense counsel is directed to inform Williams of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Williams has 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

