NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

AARON ALDRIC THOMAS, *Appellant*.

No. 1 CA-CR 24-0263

FILED 03-06-2026

Appeal from the Superior Court in Maricopa County
No. CR2022-108684-001
The Honorable David W. Garbarino, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little PLC, Phoenix
By Matthew O. Brown
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**        Aaron Aldric Thomas appeals his convictions and sentences for two counts of first-degree murder, two counts of armed robbery and one count of burglary in the first degree. After searching the record and finding no arguable, non-frivolous question of law, Thomas's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel asks us to search the record for fundamental error. Thomas could have filed a supplemental brief but did not.

**¶2**        We revested jurisdiction in the superior court so it could state its sentencing reasoning on the record, as A.R.S. § 13-711(A) requires. *State v. Perez-Gutierrez*, 257 Ariz. 334, 336, ¶ 3 (2024). The court did so on November 3, 2025. Thomas's counsel did not amend his appeal or file any other items following entry of that order.

**¶3**        We affirm Thomas's convictions and sentences with three corrections to the sentencing order. We correct the sentencing order to reflect that count 1 is non-repetitive. We also strike the sentencing order assessments that were excluded from the oral sentence pronouncement. And we correct the presentence incarceration credit to award Thomas the credit he did not receive.

## FACTS AND PROCEDURAL BACKGROUND

**¶4**        Thomas and Kenneth Schriver hatched a plan to steal pain pills from Thomas's drug dealer ("Victim"). Thomas called Victim in late January 2022 to say he would visit Victim's home. Thomas and Schriver left their cell phones at Schriver's apartment so that law enforcement could not trace their phones to Victim's home. Thomas wore a black top, blue jeans and a mask.

**¶5**        Victim lived in a casita behind his mother's house. Schriver deposited Thomas near that house and they agreed to meet afterward. Thomas knocked on the casita door and Victim answered. When Victim

turned his back, Thomas pulled a gun from his waist, pointed it at Victim's back and shot Victim multiple times. Thomas also shot Victim's girlfriend multiple times. Thomas continued shooting with a second gun he found on a table after the gun he brought ran out of ammunition. Thomas then took a backpack, the girlfriend's phone, the second gun and drugs.

¶6        Mother was awakened by loud noises. She ran to the casita and confronted Thomas who was still masked. Mother asked what happened. He told her, "Get them, get them before they get away." Mother recognized Thomas's voice from an earlier visit. She pushed the door open and saw Victim lying on the floor dead from multiple gunshot wounds. Girlfriend died from multiple gunshot wounds as well. Mother first chased Thomas but returned to help Victim. As he fled the scene, Thomas touched a pillar located on Victim's property, leaving his DNA behind. Mother called 911 and officers arrived at her home. Police arrested Thomas on March 10, 2022.

¶7        Victim's mother later identified Thomas by his voice. Thomas knew that she heard his voice and said so in a text message to Schriver.

¶8        The State charged Thomas with two counts of first-degree murder, a class 1 felony; two counts of armed robbery, a class 2 felony; and two counts of first-degree burglary of a residential structure, a class 2 felony. *See* A.R.S. §§ 13-1105, -1904 and -1508. The State alleged all charges were dangerous offenses. *See* A.R.S. § 13-105(13). The court later dismissed one count of first-degree burglary on the State's motion. The court held a 17-day trial with 12 jurors and 4 alternates.

¶9        Thomas was present for the entire trial except when (1) his counsel documented on the record an inadvertent greeting exchanged when a juror waved at him, (2) the attorneys and the court discussed logistics with electronic exhibits and (3) his counsel told the court Thomas had a medical condition requiring a private discussion. Thomas's absence is not an issue—even without a formal waiver by counsel. *See State v. Schackart*, 190 Ariz. 238, 255–56 (1997) (whether the defendant's presence was waived is not an issue where there is a housekeeping matter that has no argument, no other issue was addressed, the defendant could not have contributed anything and the defendant failed to demonstrate that his presence would have made any difference).

¶10        Thomas moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20 at the close of the State's case-in-chief. The superior court denied the motion, finding that substantial evidence existed

to warrant a conviction. Thomas testified in his own defense. He denied killing Victim and Victim's girlfriend. He testified that Schriver went to Victim's home to buy pills for him the night of the murders because Thomas was in too much pain and discomfort to do it himself.

**¶11** The jury entered guilty verdicts on all five remaining counts and found they were all dangerous offenses. The parties stipulated before sentencing that Thomas had three prior felony convictions. The superior court sentenced Thomas to natural life for counts 1 and 2 (first-degree murder) to run consecutively with one another. *See* A.R.S. § 13-751(A)(3). The court gave Thomas a presentence incarceration credit of 785 days as to count 1 but not count 2 because they ran consecutively. The court sentenced Thomas to the maximum 21-year terms for count 3 (armed robbery), count 4 (armed robbery) and count 5 (first-degree burglary). *See* A.R.S. § 13-704(A). The court ordered count 3 to run concurrently with count 1 and counts 4 and 5 to run concurrently with count 2, and it gave no presentence incarceration credit for counts 3 through 5.

**¶12** Thomas timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶13** We have read and considered counsel's brief and have reviewed the record for arguable issues of reversible error. *See Leon*, 104 Ariz. at 300. We conclude the court erred in imposing assessments, awarding presentence incarceration credit and classifying count 1 in the sentencing order as repetitive instead of non-repetitive.

**¶14** First, the superior court's sentencing order imposed a $20.00 probation assessment, $13.00 criminal penalty assessment and $2.00 victim rights enforcement assessment against Thomas. But the court did not include these in its oral pronouncement of sentence. The written sentencing order must be corrected to strike the assessments. *See State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (holding that the oral pronouncement of a sentence controls over the sentencing order).

**¶15** Second, the superior court did not give Thomas presentence incarceration credit for count 3 even though it runs concurrent with count 1. *See State v. Cruz-Mata*, 138 Ariz. 370, 375 (1983). A defendant is entitled to presentence incarceration credit for all time spent in custody under an offense. A.R.S. § 13-712(B). It is fundamental error to award an incorrect amount of credit. *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989). As noted above, the court gave Thomas 785 days of presentence incarceration credit

for count 1 which runs concurrent with count 3.  Therefore, Thomas should receive 785 days of presentence incarceration credit for count 3.

¶16　　　The sentencing order also erroneously lists count 1 as repetitive, but the superior court did not sentence Thomas under the repetitive offender statute, so the sentencing order must be corrected to list count 1 as non-repetitive.

¶17　　　We find no other error.  The record shows the superior court protected Thomas's constitutional and statutory rights and complied with the Arizona Rules of Criminal Procedure.  Counsel represented Thomas at all critical stages.  The evidence presented at trial was sufficient to support the jury's verdict.  The jury was properly composed, instructed and did not engage in misconduct.  And other than the errors outlined above, Thomas's sentence falls within the range prescribed by law.

## CONCLUSION

¶18　　　We affirm Thomas's convictions and sentences except that we correct the sentencing order to reflect that count 1 is non-repetitive rather than repetitive; we strike the assessments from the sentencing order; and we award Thomas 785 days of presentence incarceration credit for count 3.  Counsel's obligations in this appeal will end once Thomas is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Thomas has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.  *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR