NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL ALEX SEDA, *Appellant.*

No. 1 CA-CR 21-0144
FILED 11-2-2021

Appeal from the Superior Court in Maricopa County
No.  CR2019-006180-001
The Honorable Glenn A. Allen, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1 Michael Alex Seda timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for one count of possession or use of dangerous drugs, a class four felony, and one count of possession of drug paraphernalia, a class six felony. Seda's counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Seda did not file a supplemental brief.

¶2 Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Seda. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we find no error. We affirm his convictions.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In June 2019, police observed Seda commit a traffic violation while riding a bicycle and initiated a traffic stop. The officers saw Seda reach into his waistband as he rode through a nearby lot, trying to evade them. Seda eventually surrendered, and police found a plastic bag with methamphetamine in Seda's pocket. The officers also found a handgun in the lot where Seda fled. After being arrested and read his *Miranda* rights, Seda admitted to possessing the drugs and handgun.

¶4 The State charged Seda with possession or use of dangerous drugs and misconduct involving weapons, both class four felonies, and possession of drug paraphernalia, a class six felony. The State also alleged Seda's three prior felony convictions. Before trial, the superior court granted Seda's motion to sever misconduct involving weapons from the other charges, minimizing any risk that Seda's prior felony convictions might prejudice the jury.

**¶5** The case proceeded to a jury trial on the drug possession and paraphernalia charges. The State presented testimony from a detective who witnessed Seda's attempted evasion and arrest and the later searches. A forensic scientist also testified, confirming the presence of methamphetamine in the plastic bag.

**¶6** The jury found Seda guilty of possession or use of dangerous drugs and possession of drug paraphernalia. Before sentencing, the State presented Seda's Department of Corrections records showing his prior convictions. The superior court found the State proved Seda's historical prior felony convictions and sentenced him as a category three repetitive offender. The court sentenced him to 8 years' imprisonment for possession of dangerous drugs and 3.75 years' imprisonment for possession of drug paraphernalia, to run concurrently. Seda received 214 days of pre-incarceration credit.

## DISCUSSION

**¶8** The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Seda is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Seda was represented by counsel at all stages of the proceedings, and that he was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Seda had a chance to speak during sentencing and the superior court stated on the record the factors it considered before imposing sentences within the statutory limits. *See* A.R.S. §§ 13-704, -3407(A)(1), -3415(A); *see also* Ariz. R. Crim. P. 26.9, 26.10.

**¶9** Seda received 214 days of pre-incarceration credit, representing the time between his arrest on September 19, 2020, and sentencing on April 20, 2021. Seda's pre-incarceration credit should not include the date the superior court imposed his sentence. *See State v. Lopez*, 153 Ariz. 285, 285 (1987). But we will not reduce Seda's pre-incarceration credit because the State did not file a cross-appeal. *See State v. Dawson*, 164 Ariz. 278, 282–83 (1990) (when a miscalculation favors the defendant, it cannot be corrected unless the State timely cross-appeals).

**CONCLUSION**

**¶9** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Seda's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

**¶10** Defense counsel's obligations pertaining to Seda's representation in this appeal have ended. Counsel must only inform Seda of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Seda has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4